```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

JESSIE LOZANO,

         Plaintiff,

v.                                Case No:  2:22-cv-600-JES-KCD

BILL PRUMMELL, JR., Sheriff
of Charlotte County, NATHAN
EDWARDS,      CCSO      Jail
Detective, COCHRAN, Internal
Affairs   Sergeant,    NIKKI
WAGNER,   Internal   Affairs
Sergeant, and MELISSA KILBY,
Internal             Affairs
Investigator,

         Defendants.
                                      /
```

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Jessie Lozano's civil rights complaint docketed on September 20, 2022. (Doc. 1). As a prisoner, Plaintiff moves to proceed *in forma pauperis*. (Doc. 2). Because the Court finds Plaintiff to be barred from doing so under 28 U.S.C. § 1915(g), it dismisses this action without prejudice. Alternatively, the Court dismisses the complaint under Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   Discussion**

**A.   Plaintiff's complaint is subject to dismissal under 28**

**U.S.C. § 1915(g).**

Under § 1915(g), a prisoner cannot proceed *in forma pauperis* if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal] court . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted[.]"  28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." (citation omitted)).  And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."  Lomax, 140 S. Ct. at 1727.

The Court takes judicial notice of three Middle District of Florida federal lawsuits filed by Plaintiff while he was incarcerated, all of which were filed before this case and dismissed as frivolous, malicious, or failing to state claim upon which relief may be granted:

- Case No. 2:20-cv-448-JLB-MRM order dated March 16, 2021, dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)(i)(ii) as frivolous and for failure to state a claim upon which relief may be granted.

- Case No. 2:20-cv-932-JES-NPM order dated July 21, 2021, dismissing the complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

- Case No. 2:22-cv-435-JES-NPM, order dated July 26, 2022, 2022, dismissing the complaint under 28 U.S.C. § 1915A(b)(1), (2) as frivolous and on the Younger abstention doctrine.

Also, Plaintiff is not exempt from § 1915(g)'s three-strikes rule, because, while he complains that he has been mistreated in the past, he does not now allege he is in imminent danger of a serious physical injury—particularly not from the defendants named in this action. Mitchell v. Nobles, 873 F. 3d 869, 872 (11th Cir. 2017).

### B. Plaintiff's complaint is also subject to dismissal as an impermissible shotgun pleading and under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.[1]

Upon review of the complaint, the Court concludes that, in addition to being subject to dismissal under section 1915(g), it must also be dismissed as an impermissible shotgun pleading and for failure to state a claim on which relief may be granted. See Fed. R. Civ. P. 8, 10; 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff generally alleges that he was injured by officers at the Charlotte County Jail. (Doc. 1 at 6). He asserts that his numerous grievances have been ignored and that internal affairs and Sheriff Prummell have not adequately investigated his complaints. (Id.

---

[1] A prisoner who seeks to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

at 7). Instead, internal affairs found his claims to be unfounded. (Id. at 7-8). And although Plaintiff claims that he is being retaliated against—presumably for filing grievances against officers who used excessive force against him in the past—by having his legal mail altered or destroyed, by having his meals tampered with, by being charged for copies and notary services, and by having more than fifty percent of his money taken from his account, he does not allege that it is the named defendants who are engaging in the retaliatory behavior. (Id. at 8).

A "shotgun pleading" is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable, to a single set of circumstances."). The Eleventh Circuit has, on numerous occasions, unequivocally condemned shotgun pleadings. See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

It is unclear how any named defendant has violated Plaintiff's constitutional rights. Plaintiff briefly describes conduct (excessive force) that is the subject of pending case number 2:20-

4

cv-447-JLB-NPM and appears to complain that the defendants in this action have not prosecuted, investigated, or adequately punished the perpetrators of the allegedly unconstitutional acts that comprise the causes of action in the earlier case. He also makes vague assertions of retaliation. However, he has not separated his claims or allegations into specific counts or explained his theory of liability, thus "commit[ting] the sin of not separating into a different count each cause of action or claim for relief." Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). Therefore, based on the substantive pleading deficiencies in this complaint, the Court must dismiss it. See Westley v. Alberto, 703 F. App'x 727, 732 (11th Cir. 2017) (affirming dismissal of complaint sua sponte under Rule 8 because "[m]ost paragraphs in the complaint accused strings of defendants of engaging in a broad conspiracy to harm Westley, but rarely if ever did the complaint identify the specific actions taken by any individual defendant."); Brinson v. Welsh, 709 F. App'x 582, 585 (11th Cir. 2017) (affirming dismissal of complaint sua sponte because it failed to plead relevant facts supporting its cause of action).

Moreover, to the extent Plaintiff complains that the defendants did not satisfactorily handle the grievances he filed on the past allegations of excessive force at issue in case 2:20-cv-447-JLB-NPM, he does not state a claim for relief. Notably,

5

Plaintiff claims that he sought an investigation and filed grievances based on earlier actions committed by non-defendants. However, none of the defendants named in this case are alleged to have actually caused any of the prior injuries. Therefore, Plaintiff cannot establish an affirmative causal connection between their conduct and his alleged injuries, and the claims against the named defendants must be dismissed for this reason as well. See Williams v. Bennet, 689 F.2d 1370, 1380 (11th Cir. 1982) (recognizing that proving liability under 42 U.S.C. § 1983 "plainly requires proof of an affirmative causal connection between the actions taken by a particular person under 'color of state law' and the constitutional deprivation"); Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance by itself without any connection to the violation of constitutional rights alleged by plaintiff does not establish personal participation under § 1983.") (cited with approval in Coleman v. Bowden, 797 F. App'x 422, 427 (11th Cir. 2019)); Thomas v. Poveda, 518 F. App'x 614 (11th Cir. 2013) (affirming dismissal of a plaintiff's claims that were based solely on a defendants' denial of his grievance appeal . . . because the complaint did "not suggest that [the defendants] had knowledge of a risk of serious harm or disregarded that risk when they denied his appeal").

## II. Conclusion

The Court thus dismisses the complaint under 28 U.S.C. § 1915(g) without prejudice and without assessing a filing fee. The Court alternatively dismisses the complaint as a shotgun pleading and for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 8(a)(2), 10(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff wishes to pursue his claim(s), he must file a new complaint—under a new case number—and pay the $402.00 filing fee. Any new complaint filed must correct the pleading deficiencies identified in this Order.

Accordingly, it is

**ORDERED:**

1. The complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g). Alternatively, the complaint is dismissed as a shotgun pleading and for failure to state a claim on which relief may be granted.

2. The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida this   22nd   day of September 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: Jessie Lozano

7